On December 11, 1997, the Licking County Grand Jury indicted appellant, Rush Music, Jr., on two counts of domestic violence in violation of R.C. 2919.25. Said charges arose from an incident involving appellant's wife, Deborah Music. Prior to trial, the second count of domestic violence was dismissed.
A jury trial on the remaining charge commenced on July 7, 1998. At the close of appellant's case, appellant sought to introduce an affidavit prepared by Ms. Music as part of a request for a civil protection order from the Domestic Relations Court. Said affidavit claimed the underlying assault of the domestic violence count occurred on December 19, 1997, not December 7, 1997 as alleged in the indictment. The trial court denied admission of the affidavit.
The jury found appellant guilty as charged. By judgment entry filed July 13, 1998, the trial court sentenced appellant to a determinate sentence of six months in jail.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN REFUSING TO ALLOW THE DEFENDANT-APPELLANT TO INTRODUCE THE AFFIDAVIT OF DEBORAH MUSIC FOR THE TRUTH OF THE MATTER ASSERTED.
 I
Appellant claims the trial court erred in denying the admission of Ms. Music's affidavit in light of Evid.R. 801(D)(1) (statements which are not hearsay). We disagree.
The admission or exclusion of evidence rests within the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is generally inadmissible at trial. Evid.R. 802. However, Evid.R. 801(D)(1) does permit the admission of a prior statement of a witness to prove the truth of the matter asserted:
A statement is not hearsay if:
 (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (a) inconsistent with his testimony, and was given under oath subject to cross-examination by the party against whom the statement is offered and subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (b) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive, or (c) one of identification of a person soon after perceiving him, if the circumstances demonstrate the reliability of the prior identification.
The statement appellant sought to admit was a statement made by Ms. Music in an affidavit filed with the Domestic Relations Court in connection with her divorce case against appellant. T. at 83. We find this affidavit fails to meet the requirement under Evid.R. 801(D)(1) "subject to cross-examination by the party against whom the statement is offered." In the casesub judice, the affidavit was offered against the state of Ohio. The state of Ohio was not a party to the domestic relations case wherein the affidavit was filed against appellant. Further, the trial court permitted defense counsel to cross-examine Ms. Music on the inconsistency in her testimony vis-à-vis the affidavit regarding the date of the assault and Ms. Music explained the discrepancy. T. at 85.
Upon review, we conclude the trial court properly excluded the affidavit while permitting the cross-examination on the inconsistency in Ms. Music's statements.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Hoffman, J. concur.
------------------------
------------------------
 ------------------------ JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.
------------------------
------------------------
 ------------------------ JUDGES